IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DELEK US HOLDINGS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. _____ |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

# COMPLAINT

The plaintiff, Delek US Holdings, Inc. ("Delek"), by its undersigned counsel, brings this action for a refund of erroneously and illegally assessed federal income taxes against the defendant, the United States of America, and alleges on information and belief as follows:

## NATURE OF THE ACTION

1. Delek brings this action under 26 U.S.C. § 7422 for the recovery of federal income taxes and interest erroneously and illegally retained by the Internal Revenue Service (the "IRS"). The tax code imposes a federal excise tax on the sale of taxable fuel. In 2004 Congress established a subsidy regime designed to encourage the use of environmentally-friendly alcohol- and biodiesel-mixed fuels. Delek qualified for this subsidy during its 2010 and 2011 tax years, and used this subsidy in part to offset its federal excise tax liability. On its original federal income tax returns for the 2010 and 2011 tax years, Delek incorrectly reduced its cost of goods sold by the amount of subsidy it received, and therefore paid the IRS about $16.5 million more in federal income tax than it actually owed. Upon discovering this oversight, Delek recalculated its federal income tax liability and claimed a refund to recover

the overpayment. The IRS improperly denied that refund claim and illegally refused to refund the overpaid tax. Delek now sues for a refund of that amount, plus statutory interest.

## PARTIES

2. Delek is a publicly held downstream energy company with assets in petroleum refining, logistics, convenience store retailing, and renewables. Delek is organized as a corporation under the laws of the State of Delaware with its principal place of business at 7102 Commerce Way, Brentwood, Tennessee.

3. Delek is the common parent of an affiliated group of domestic corporations that filed a consolidated U.S. federal income tax return for the tax periods ending December 31, 2010 and December 31, 2011 (the "2010 and 2011 tax years"). Members of Delek's consolidated group for those tax years included Mapco Express, Inc., Delek Marketing and Supply, Inc., Delek Refining, Inc., and (for the 2011 tax year only) Lion Oil Company,[1] among others. Pursuant to 26 C.F.R. § 1.1502-77, Delek is authorized to bring this action on behalf of the entities included in the consolidated group.

4. In the relevant time period, Delek maintained its books and records and filed its federal income tax returns on a calendar year basis ending on December 31 of each year, using the accrual method of accounting.

5. Defendant is the United States of America.

---

[1] Delek acquired Lion Oil Company during the 2011 tax year.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422. This action is timely brought within the period prescribed by 26 U.S.C. § 6532(a).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1402(a)(2) because Delek's principal place of business is located within this judicial district. Intradistrict venue is proper in the Nashville Division pursuant to 28 U.S.C. § 123(b)(1) & Local Rule 77.01(a).

## STATUTORY BACKGROUND OF THE SECTION 4081 EXCISE TAX AND THE ALCOHOL AND BIODIESEL MIXTURE SUBSIDY REGIME

8. Section 4081 of the Internal Revenue Code (26 U.S.C. § 4081) imposes a per-gallon federal excise tax on taxable fuel (the "Section 4081 excise tax"). The Section 4081 excise tax is paid into the Highway Trust Fund, a special Government fund separate from the United States Treasury's General Fund that is dedicated to the construction and maintenance of the Nation's interstate highway system, mass transit, and other surface transportation projects. The Section 4081 excise tax is imposed immediately upon a taxable event (such as the sale of taxable fuel or removal of taxable fuel from a refinery or terminal; for convenience, these will be referred to collectively as "sales" below), and is generally paid to the IRS on a semimonthly basis (i.e., on the 15th and last day of each month).

9. Payment of the Section 4081 excise tax has implications for a taxpayer's federal income tax. For federal income tax purposes, the taxable income of a business is determined in part by subtracting the cost of goods sold (i.e., direct costs attributable to goods) from the gross receipts of the business. 26 U.S.C. § 61(a)(3); 26 C.F.R. § 1.61-3(a). The Section 4081 excise tax is a direct cost attributable to the sale of taxable fuel. Therefore, when

a taxpayer sells taxable fuel and pays the Section 4081 excise tax, it must include the excise tax amounts paid in its calculation of cost of goods sold for federal income tax purposes. Because cost of goods sold is subtracted from gross receipts to determine taxable income, payment of the Section 4081 excise tax reduces the taxpayer's taxable income, thereby reducing its federal income tax liability.

10. Before Congress enacted the American Jobs Creation Act of 2004 ("AJCA"), Pub. L. No. 108–357, 118 Stat. 1418 (2004), sales of alcohol mixtures (a mixture of petroleum based fuel blended with, e.g., ethanol) and biodiesel mixtures (a mixture of petroleum based fuel with renewable fuel produced from vegetable oils or animal fats) were taxed at a reduced rate as compared to unmixed petroleum-based fuels. When it enacted the AJCA, Congress indicated concerns that this reduced rate was negatively impacting the level of funding directed to the Highway Trust Fund. At the same time, Congress sought to preserve incentives for using environmentally-friendly alternative energy sources such as ethanol and other biofuels.

11. The AJCA addressed these concerns by adopting a bifurcated approach. First, the AJCA eliminated the reduced rate on alcohol mixtures and biodiesel mixtures, so that alcohol mixtures and biodiesel mixtures were thereafter taxed the same per-gallon rate of Section 4081 excise tax as unmixed petroleum-based fuel. Pub. L. 108–357, tit. III, subtit. A, § 301(c)(7), 118 Stat. 1418, 1461-62, *amending* 26 U.S.C. §4081. The entire amount of these proceeds are directed into the Highway Trust Fund, without any reduction for any subsidy

amount that the Government pays to the seller. Pub. L. 108–357, tit. III, subtit. A, § 301(c)(11), 118 Stat. 1418, 1462, *amending* 26 U.S.C. § 9503(b)(1).

12. Second, the AJCA enacted a subsidy regime for alcohol and biodiesel mixtures (hereinafter referred to as the "Alcohol and Biodiesel Mixture Subsidy"). For each taxpayer who pays the Section 4081 excise tax into the Highway Trust Fund for the sale of alcohol or biodiesel mixtures, the federal government pays a subsidy out of the General Fund. *See* H.R. Rep. 108-755, at 308 (2004)(Conf. Rep.) ("Alcohol and biodiesel fuel subsidies borne by General Fund"). The amount of Alcohol and Biodiesel Mixture Subsidy was not tied to the amount of additional Section 4081 excise tax resulting from the elimination of the reduced rate for alcohol and biodiesel mixtures; instead, the subsidy was linked to the amount of alcohol or biodiesel used in the mixture, on a per-gallon basis, thereby providing an incentive to increase the percentage of alcohol and biodiesel used in the mixture that was not provided by the pre-AJCA reduced rate. 26 U.S.C. § 6426(b)(1) & (2), (c)(1) & (2).

13. The Alcohol and Biodiesel Mixture Subsidy may be paid to the taxpayer in the form of a credit offsetting federal excise taxes, a credit against federal income taxes, or as a cash payment. Pub. L. 108–357, tit. III, subtit. A, §§ 301-302, 118 Stat. 1418, 1459-66, *codified at* 26 U.S.C. §§ 34, 40, 40A, 6426(a)(1), (b) & (c), 6427(e). Unless the Alcohol and Biodiesel Mixture Subsidy is taken as an federal income tax credit, the subsidy itself is not

includible in the taxpayer's gross income for federal income tax purposes.[2] 26 U.S.C. § 87; IRS Chief Counsel Advisory 201342010, 2013 WL 5758278 (Oct. 18, 2013).

14. The subsidy for alcohol mixtures terminated on December 31, 2011, and the subsidy for biodiesel mixtures terminated on December 31, 2017. 26 U.S.C. §§ 40(e)(1), 40A(g), 6426(b)(6) & (c)(6), 6427(e)(6)(1) & (2).

15. Neither the statutory language nor the legislative history of the AJCA indicate any change in the manner taxpayers should report payments of the Section 4081 excise tax for federal income tax purposes. Further, given the clear Congressional intent to incentivize environmentally-friendly alcohol and biodiesel fuel mixtures, the AJCA's provisions should be read broadly to effectuate Congress's intent to subsidize those activities. It is therefore clear that Congress intended taxpayers to continue to include Section 4081 excise tax payments in their cost of goods sold for federal income tax purposes, thereby reducing taxable income, notwithstanding taxpayers' ability to use the Alcohol and Biodiesel Mixture Subsidy to offset its Section 4081 excise tax liability.

16. Accordingly, a taxpayer who sells alcohol or biodiesel mixtures must include the entire amount of Section 4081 excise tax it paid in its cost of goods sold for federal income tax purposes, thereby reducing taxable income by the full amount paid. The Alcohol and Biodiesel Mixture Subsidy, whether taken as a credit against excise taxes or a cash payment, does not change the federal income tax treatment of such excise tax payments and does not increase the taxpayer's taxable income.

---

[2] Delek did not claim any part of its Alcohol and Biodiesel Mixture Subsidy in the form of federal income tax credits in the 2010 or 2011 tax years.

# FACTUAL ALLEGATIONS

17. Delek is a diversified energy company with assets in the petroleum refining, marketing, and retail industries. Delek has a long-standing commitment to renewable energy as a core part of its business. During the 2010 and 2011 tax years, Delek owned and operated refineries in Tyler, Texas and El Dorado, Arkansas that produced ethanol gasoline blends E-10 (10% ethanol), as well as biodiesel mixtures. Delek also produced blended diesel fuels using biodiesel it acquired through third-party tolling agreements, which it mixed with petroleum-based diesel in its refineries and at terminals.

18. Delek (through its subsidiaries MAPCO Express, Delek Marketing & Supply, Delek Refining, and Lion Oil) sold alcohol and biodiesel mixtures during the 2010 and 2011 tax years, mostly in the form of direct sales from refinery terminals to customers. Delek's subsidiaries therefore had to pay, and did pay, the Section 4081 excise tax on those sales.[3] Delek's subsidiaries paid the following amounts of Section 4081 excise taxes during the 2010 and 2011 tax years on those sales:

| **Entity** | **2010 Tax Year** | **2011 Tax Year** |
|---|---|---|
| MAPCO Express | $2,977,361.00 | $4,199,331.00 |
| Delek Marketing & Supply | $33,833,911.00 | $37,216,540.00 |
| Delek Refining | $141,614,525.00 | $157,789,944.00 |
| Lion Oil | n/a | $106,257,295.00 |
| **TOTAL** | **$178,425,697.00** | **$305,463,110.00** |

---

[3] Unlike federal income taxes, which are reported on a consolidated basis by the parent company, federal excise taxes are reported on an entity-by-entity basis. For this reason, Section 4081 excise taxes were paid by Delek's subsidiaries, while the federal income tax ramifications of those federal excise tax payments were reflected on Delek's consolidated federal income tax returns.

19. Because Delek's subsidiaries sold alcohol and biodiesel mixtures, they qualified for and claimed the Alcohol and Biodiesel Mixture Subsidy during the 2010 and 2011 tax years on their Form 720, Quarterly Federal Excise Tax Returns. Part of that subsidy was applied to offset their excise tax liability as provided by 26 U.S.C. § 6426(b) & (c), typically by netting against Section 4081 liability in calculating Delek's semimonthly excise tax deposits as a bookkeeping measure performed as an administrative convenience, and the rest was received as a cash payment as provided by 26 U.S.C. §6427(e).

20. Specifically, during the 2010 and 2011 tax years Delek's subsidiaries received Alcohol and Biodiesel Mixture Subsidies in the following amounts:

| **Entity** | **2010 Tax Year Excise Tax Offset** | **2010 Tax Year Cash Payment** | **2011 Tax Year Excise Tax Offset** | **2011 Tax Year Cash Payment** |
|---|---:|---:|---:|---:|
| MAPCO Express | $2,977.261.32 | $4,304,084.00 | $3,752,720.15 | $1,866,583.00 |
| Delek Marketing & Supply | $939.028.74 | $0 | $2,095,557.75 | $0 |
| Delek Refining | $19.173.005.10 | $0 | $24,051,926.70 | $0 |
| Lion Oil | n/a | n/a | $11,812,860.60 | $0 |
| **TOTAL** | **$23,089,295.16** | **$4,304,084.00** | **$41,713,065.20** | **$1,866,583.00** |

21. Delek timely filed a consolidated U.S. federal income tax return on Form 1120, U.S. Corporation Income Tax Return, for its 2010 tax year. Delek reported operating expenses that exceeded its revenues on its 2010 federal income tax return, creating a net operating loss ("NOL"). This NOL could be carried forward to future tax years and deducted from taxable income for those future years, subject to certain limitations. Delek elected to carryforward its

NOL from the 2010 tax year to its 2011 tax year in order to reduce its taxable income for the 2011 tax year.

22. Delek timely filed a consolidated U.S. federal income tax return on Form 1120 for its 2011 tax year, and made timely payment to the IRS of the amount shown on the tax return for that year within the time period prescribed by law. In total, Delek paid $43,055,609.00 in federal income tax to the IRS for the 2011 tax year in the form of estimated tax payments, applied overpayments from prior years, and credits for federal tax on fuels and other refundable credits.

23. When it filed its original 2010 and 2011 federal income tax returns, Delek incorrectly reduced its cost of goods sold by the amount of Alcohol and Biodiesel Mixture Subsidy it received in those tax years reflected in paragraph 20 above. This resulted in Delek over-reporting its taxable income in both years, under-reporting the amount of NOL available for carryforward from the 2010 tax year, and overpaying its federal income tax liability as to the 2011 tax year. Delek learned of this oversight in the course of the IRS examination of its 2011 federal income tax return, and subsequently filed amended federal income tax returns for the 2010 and 2011 tax years.

### FILING AND DISALLOWANCE OF DELEK'S 2011 REFUND CLAIM

24. On September 10, 2015, Delek timely filed a claim for refund on Form 1120X, Amended U.S. Corporation Income Tax Return, for the 2011 tax year, seeking a refund of federal income tax in the total amount of $19,374,486.00 plus statutory interest thereon as allowed by law (the "2011 refund claim") Delek's 2011 refund claim is incorporated by this reference as if fully set forth herein.

25. There were several items raised in the 2011 refund claim. One of those items addressed the overpayment of Delek's tax liability resulting from its incorrect treatment of the Alcohol and Biodiesel Mixture Subsidy on its original 2010 and 2011 federal income tax returns as described in paragraph 23 above.

26. Delek's 2011 refund claim was timely filed with the IRS within three years of the date of filing of Delek's original 2011 federal income tax return.

27. The IRS allowed Delek's 2011 refund claim as to certain items and disallowed Delek's 2011 refund claim as to other items.

28. Specifically with respect to the Alcohol and Biodiesel Mixture Subsidy, the IRS allowed the portion of Delek's 2011 refund claim with respect to the amount of Alcohol and Biodiesel Mixture Subsidy that Delek elected to take as a cash payment. On Form 886-A, Explanation of Items, the IRS stated that to the extent the Alcohol and Biodiesel Mixture Subsidy exceeded Delek's Section 4081 excise tax liability in a given tax year, that excess amount was "an overpayment of federal taxes and, thus, not considered gross income." Accordingly, the IRS determined that Delek overpaid its tax liability for its 2010 and 2011 tax years by incorrectly reducing its cost of goods sold on its original 2010 and 2011 federal income tax returns by that amount, and granted a partial refund to correct that error.

29. The IRS disallowed the portion of Delek's 2011 refund claim with respect to the amount of Alcohol and Biodiesel Mixture Subsidy that Delek elected to take as an offset to its Section 4081 excise tax payments. On the same Form 886-A referenced in paragraph 28 above, the IRS admitted that Congress intended the Alcohol and Biodiesel Mixture Subsidy to "provide incentives to alternative fuel blenders," but stated that the federal income tax

- 10 -
Case 3:19-cv-00332   Document 1   Filed 04/23/19   Page 10 of 15 PageID #: 10

character of the Alcohol and Biodiesel Mixture Subsidy should change based solely on whether the taxpayer used it to offset taxes instead of taking it as a cash payment. The IRS concluded that Congress *must* have intended to require taxpayers to reduce their cost of goods sold by the amount of Section 4081 excise tax credits offset by the Alcohol and Biodiesel Mixture Subsidy, even though the text and the legislative history say no such thing.

30. As support, the IRS relied upon the flawed reasoning of a Court of Federal Claims decision, *Sunoco, Inc. v. United States*, 129 Fed. Cl. 322 (2016), *aff'd*, 908 F.3d 710 (Fed. Cir. 2018).[4] In *Sunoco*, the taxpayer argued that its cost of goods sold should not be decreased be the amount of Alcohol and Biodiesel Mixture Subsidy it used to offset Section 4081 excise taxes. The Court of Federal Claims held that the statutory language was ambiguous, but concluded that the taxpayer's position would result in a subsidy larger than the court believed Congress would have anticipated, based on post-enactment budget estimates produced by the staff of the Joint Committee of Taxation, and ruled in favor of the IRS on that basis. *Id*. at 329-30. Employing the same faulty reasoning, the IRS disallowed the claimed refund attributable to this item, accounting for correlative changes to other parts of Delek's tax return, in the amount of $16,596,135.00.

31. The reasoning employed by IRS (and by the Court of Federal Claims in *Sunoco*) is contrary to Sixth Circuit precedent. In *Summa Holdings, Inc. v. Comm'r*, 848 F.3d

---

[4] *Sunoco* was affirmed by the Federal Circuit, but the deadline for filing a petition for certiorari with the United States Supreme Court has not yet passed. The Northern District of Texas recently issued an order on the same issue, relying on *Sunoco*, *see Exxon Mobil Corp. v. United States*, Case No. 3:16-cv-2921-N-BH, 2018 WL 4178776 (N.D. Tex. Aug. 8, 2018), but final judgment has not been entered in that case so the Fifth Circuit has yet to consider the issue. Delek respectfully suggests that a stay of this action may be appropriate pending resolution of a Fifth Circuit appeal in *Exxon* and/or Supreme Court review of *Sunoco*.

779 (6th Cir. 2017), the IRS disallowed the taxpayer's claimed tax benefit even though that benefit was supported by the language of the statute, because the IRS determined that Congress *must* have intended to deny the taxpayer's claimed tax benefits because "subsequent changes to the Code have increased the scale of the savings beyond Congress's original estimation." *Id*. at 790. The Sixth Circuit held that judicially rewriting the tax code at the IRS's behest, on the basis that the magnitude of the tax benefit turned out to be larger than anticipated, is "[t]he last thing the federal courts should be doing." *Id*. Accordingly, the Sixth Circuit held that the IRS may not invoke assertions of Congressional purpose not grounded in the statutory text "to save the statute from itself," and sustained the taxpayer's refund claim. *Id*. at 789.

32. Just as in *Summa Holdings*, the IRS here attempts to "save the statute from itself" by imputing Congressional intent to rewrite the rule that excise taxes are included in cost of goods sold for federal income tax purposes, based on the allegedly unanticipated size of the resulting subsidy. The statutory language does not support the IRS's argument. To the contrary, applying the plain language and Congressional intent as manifest through legislative history, it is clear that the Alcohol and Biodiesel Mixture Subsidy —in whatever form it is taken—does not change the federal income tax character of payments of the Section 4081 excise tax. The IRS's denial of Delek's refund claim is erroneous and illegal.

33. On April 24, 2017, Delek filed with the IRS Form 3363, Acceptance of Proposed Disallowance of Claim for Refund of Credit, accepting the IRS's proposal to disallow in part its 2011 refund claim without waiving its right to file suit challenging that disallowance. Delek's 2011 refund claim is deemed to have been formally denied by the IRS on the date Form 3363 was filed. This action is timely filed within two years of the date on which Form 3363 was filed.

34. Although payment thereof has been demanded, no part of the sums for the disallowed portion of the 2011 refund claim have been credited, remitted, refunded, or repaid to Delek or to anyone on Delek's account.

35. Delek has made no transfer or assignment of the claim for relief herein presented or any part thereof and is the sole and absolute owner of the claim.

36. No action on this claim has been taken by the Congress of the United States or by any of the departments of the Government.

37. No other suit or process by Delek is pending on such claim in any other court.

## COUNT ONE: CLAIM FOR THE 2011 TAX YEAR

38. Delek incorporates by reference the allegations contained in paragraphs 1 through 37 as if fully set forth herein.

39. The IRS's disallowance of Delek's 2011 refund claim as described in paragraphs 24-37 above is erroneous and illegal and must be rejected.

40. Therefore, as to the 2011 tax year, Delek overpaid its correct federal income tax liability and is entitled to a refund of assessed and paid tax of $16,596,135.00, together with statutory interest as provided by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Delek respectfully requests that the Court grant the following relief:

(a) That this Court enter judgment with respect to Count One, in favor of Delek and against the United States, in the total amount of $16,596,135.00, or such greater amount as this

Court may determine to be legally refundable, together with statutory interest thereon as provided by law; and

   (b) That this Court award Delek its costs, including attorney's fees, and such other and further relief as this Court deems just and proper.

Dated this 23rd day of April, 2019.

            Respectfully submitted,

            /s/ Misty Lavender Foy
            Misty Lavender Foy
            Member of the Tennessee State Bar
            BPR # 025962
            Senior Legal Counsel, Retail & Litigation
            DELEK US HOLDINGS, INC.
            7102 Commerce Way
            Brentwood, TN 37027
            Telephone: (615) 224-1139
            Misty.Foy@delekus.com

            Robert J. Kovacev
            California Bar No. 190286
            (*pro hac vice* motion forthcoming)
            NORTON ROSE FULBRIGHT US LLP
            799 9th Street NW
            Suite 1000
            Washington, DC 20001
            Telephone: (202) 662-6462
            Facsimile: (202) 662-4643
            rob.kovacev@nortonrosefulbright.com

            Robert C. Morris
            Texas Bar No. 24046484
            (*pro hac vice* motion forthcoming)
            NORTON ROSE FULBRIGHT US LLP
            1301 McKinney
            Suite 5100
            Houston, Texas 77010-3095
            Telephone: (713) 651-8404
            Facsimile: (713) 651-5246

robert.morris@nortonrosefulbright.com

ATTORNEYS FOR PLAINTIFF
DELEK US HOLDINGS, INC.