IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DELEK US HOLDINGS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:19-cv-00332 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| UNITED STATES OF AMERICA, | ) MAGISTRATE JUDGE FRENSLEY |
| | ) |
| Defendant. | ) |

## MEMORANDUM

Plaintiff Delek US Holdings, LLC ("Delek") claims it is entitled to an income tax refund of approximately $16 million based on a recalculation of its production costs. The Government has denied the refund request.

This case concerns a single question: whether a credit against fuel excise taxes reduces excise tax liability and must be deducted from production costs or whether it is a tax-free direct payment. To address this $16 million question, the parties have each filed a motion for summary judgment and supporting memoranda; (Doc. Nos. 50, 50-2, 51, 52); a response (Doc. Nos. 55, 56); and a reply (Doc. Nos. 58, 59). The underlying facts are undisputed for purposes of this motion, as reflected in the Stipulation of Facts (Doc. No. 52-2) and statements of undisputed facts (Doc. Nos. 50-1, 52-1, 56-4, 57, 59-2).

Delek has requested the Court hear oral argument. Because the single issue in this case has been extensively briefed on motions by both parties, and the Court finds oral argument will not aid the Court's decision, the request for oral argument is denied.

### I.  BACKGROUND

For purposes of this motion, the Court must consider the relationship between the following provisions of the Internal Revenue Code, United States Code, Title 2: Section 4081,

which imposes an excise tax on certain fuel transactions; and Sections 6426 and 6427(e), which provide tax incentives for mixers of renewable fuels. *See* 26 U.S.C. §§ 4081, 6426, 6427(e).

Congress has long provided tax incentives for renewable fuel mixtures.[1] Prior to 2004, these tax incentives were in the form of a reduced fuel excise tax rate, which reduced the per-gallon tax rate for renewable fuels.[2] Reduced excise taxes on renewable fuels resulted in reduced funding to the Highway Trust Fund, which is funded by fuel excise tax revenues. *See* 26 U.S.C. § 9503 (2005) (appropriating amounts received under Section 4081 to the Highway Trust Fund).

In 2004, to address the shortfall in funding to the Highway Trust Fund, Congress restructured the tax incentives for renewable fuel. *See* American Jobs Creation Act of 2004, Pub. L. No. 108-357, 118 Stat. 1418, §§ 301, 853; H.R. Rep. No. 108-548, at 141-42 (2004); H.R. Rep. No. 108-755 at 304 (2004). The relevant statutory provisions of the Internal Revenue Code, 26 U.S.C. §§ 4081, 6426, 6427, and 9503, were amended to reflect the following:

First, the restructuring eliminated the reduced excise tax for renewable fuel mixtures under Section 4081(c) so that all non-aviation fuel would be taxed at the same rate. 26 U.S.C. § 4081(c).

Second, to "provide a benefit equivalent to the reduced tax rates, which are being repealed under the provision," it added a credit for producers of alcohol fuel blends (the "Mixture Credit"). 26 U.S.C. § 6426(b); H.R. Rep. No. 108-548, pt.1 at 142 (2004). Section 6426, which established the Mixture Credit provided:

(a) **Allowance of credits.**—There shall be allowed as a credit—

---

[1] *See* Energy Tax Act of 1978, Pub. L. No. 95-618. § 221, 92 Stat. 3174 (1978).

[2] *See* Highway Revenue Act of 1982, Pub. L. No. 97-424, 96 Stat. 2097 (1982).

2

> (1) Against the tax imposed by section 4081 an amount equal to the sum of the credits described in subsections (b), (c), and (e)…
>
> (b) **Alcohol fuel mixture credit.**—
>
> > (1) **In general.**—For purposes of this section, the alcohol fuel mixture credit is the product of the applicable amount and the number of gallons of alcohol used by the taxpayer in producing any alcohol fuel mixture for sale or use in a trade or business of the taxpayer.
>
> (c) **Biodiesel mixture credit.**—
>
> > (1) **In general.**—For purposes of this section, the biodiesel mixture credit is the product of the applicable amount and the number of gallons of biodiesel used by the taxpayer in producing any biodiesel mixture for sale or use in a trade or business of the taxpayer.

26 U.S.C. § 6426.

Third, it amended Section 9503 of the Highway Revenue Act to appropriate the equivalent of taxes received under Section 4081 to the Highway Trust Fund and required that "taxes received" "shall be determined without reduction for credits under section 6426."

Finally, to the extent that the Mixture Credit is not allowed as a credit against fuel excise tax under Section 6426 – i.e. the taxpayer has no fuel excise tax liability, or the allowable credit exceeds that liability – the taxpayer may receive a payment in the amount of the Mixture Credit. Section 6427(e) states in relevant part:

> (e) **Alcohol, biodiesel, or alternative fuel.**—
>
> > (1) Used to produce a mixture.—If any person produces a mixture described in section 6426 in such person's trade or business, the Secretary shall pay (without interest) to such person an amount equal to the alcohol fuel mixture credit or the biodiesel mixture credit or the alternative fuel mixture credit with respect to such mixture.
>
> > …
>
> > (3) **Coordination with other repayment provisions.**—No amount shall be payable under paragraph (1) or (2) with respect to any mixture or alternative fuel with respect to which an amount is allowed as a credit under section 6426.

3

26 U.S.C. § 6427. The Internal Revenue Service ("IRS") does not tax payments made under Section 6427(e) as income.[3]

## II. PROCEDURAL HISTORY

The underlying facts of this case are undisputed. During the relevant tax years, Delek incurred fuel excise tax liabilities and also claimed allowable Mixture Credit against this liability. (Stip., Doc. No. 52-2, ¶¶ 13-15). In its original 2010 and 2011 federal tax returns, Delek reduced its claimed production cost by the amount of the Mixture Credit received. (*Id.*, ¶ 20). Delek subsequently filed a refund claim, that, among other things, included the full amount of the calculated fuel excise tax without reduction for the Mixture Credit, thereby increasing its production cost by the amount of the Mixture Credit received in 2010 and 2011. (*Id.*, ¶¶ 21-22). Because production costs are deducted from income, the claimed increase in production costs decreased Delek's claimed taxable income. The IRS disallowed this portion of the refund claim.

Delek filed the instant case seeking judgment in the amount of the alleged overpayment, plus interest. (*See* Compl., Doc. No. 1). The parties each seek summary judgment on the sole claim.

## III. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The underlying material facts are undisputed. Resolution of this claim in this case is entirely dependent on the Court's interpretation of the statute at issue.

---

[3] The IRS allowed Delek's claim for refund related to payments under Section 6427(e). Both parties agree that the IRS does not view such payments as taxable income. The Government refers to the varying tax treatment as "an anomaly;" Delek calls it discriminatory. (*See* Gov't Resp., Doc. No. 55 at 2; Delek Sum. J. Br., Doc. No. 52 at 2). In any event, Delek's entitlement to and tax treatment of these payments is not at issue in this case. (*See* Stip., Doc. No. 52-2 at ¶ 15).

## IV. ANALYSIS

The sole question presented is whether the Mixture Credit is a credit that reduces excise tax liability or is a tax-free payment. If, as the Government advocates, it is a credit that reduces excise tax liability, Delek must account for the Mixture Credit in calculating its production costs and the tax refund at issue here was properly denied. If, as Delek contends, it incurred the full amount of the excise tax and the Mixture Credit is a payment of a portion of that liability, it may include the full excise tax as a production cost without reduction for the Mixture Credit and is entitled to the refund requested.

The Federal Circuit recently addressed this precise question in *Sunoco, Inc. v. United States*, 908 F.3d 710 (Fed. Cir. 2018), *cert. denied* 140 S.Ct. 46 (2019). The court held the Mixture Credit is "a credit, not a payment," the credit reduces Section 4081 excise tax liability, and Sunoco could not treat the amount of the Mixture Credit as a deductible expense. *Id*. at 717-19. The Government urges the Court to follow the Federal Circuit. Delek urges the Court to reach the opposite conclusion, arguing that the *Sunoco* decision is "fatally flawed" because it was improperly results-oriented, failed to apply the so called "default exclusion rule," and failed to follow its own precedent in *Centex Corporation v. United States*, 395 F.3d 1283 (Fed. Cir. 2005). Delek also contends that Sixth Circuit precedent in *Summa Holdings, Inc. v. Comm'r*, 848 F.3d 779 (6th Cir. 2017), forecloses application of Federal Circuit's interpretation of the statute in this case.

### A. The *Sunoco* Decision

The *Sunoco* court considered "whether, under 26 U.S.C. § 6426, a taxpayer that is entitled to an alcohol fuel mixture credit may treat the credit as a tax-free direct payment regardless of excise-tax liability, or whether a taxpayer must first use the mixture credit to reduce any excise

5

tax liability before receiving payment for any about of mixture credit exceeding excise-tax liability." *Sunoco*, 908 F.3d at 712. Sunoco maintained "that the Mixture Credit does not affect its excise-tax liability under § 4081" because "although the Mixture Credit can be used to offset excise-tax liability, such liability remains constant and does not reduce the cost of goods sold under the statute, therefore making the excise-tax liability fully deductible." *Id*. at 714. In other words, asserting the same argument as Delek does in this case, Sunoco argued, that it "was entitled to deduct the full amount of the gasoline excise tax under § 4081—without regard to the Mixture Credit—and keep the Mixture Credit as tax-free income." *Id*. at 712.

The Federal Circuit rejected Sunoco's interpretation. Relying on the plain meaning of the statute, the court held that the Mixture Credit is "a credit, not a payment," and that the credit decreases a taxpayer's fuel excise tax liability. *Id*. at 717-19. The court reasoned that when considered together, the express language of Sections 6426 and 6427 required that the Mixture Credit first be taken as a credit against any excise tax liability under Section 4081 before payment of any excess was allowed. *Id*. at 717. The statute therefore expressly distinguished between credits and payments and, for purposes of the Mixture Credit, did not afford them the same treatment. *Id*.

The *Sunoco* court then proceeded to consider whether the legislative history "embodies an 'extraordinary showing of contrary intentions'" sufficient to overcome the plain meaning of the statute. *Id*. at 717-18. In support of its argument that Congress intended the Mixture Credit to operate as a payment of excise tax liability, Sunoco identified the same snippet of legislative history as Delek does here – Conference Report, H.R. Rep. No. 108-755. *Id*. at 718. (*See* Pl. Br., Doc. No. 52 at 6). Describing the proposed House Bill, the Conference Report states, "[t]he credit is treated as a payment of the taxpayer's tax liability received at the time of the taxable

6

event."[4] *Sunoco*, 908 F.3d at 718. The Federal Circuit determined however, that the other relevant portions of legislative history supported the plain reading of the statute – that the "Mixture Credit is a reduction of § 4081 excise tax liability" and that the "Mixture Credit must first be applied to reduce any § 4081 excise-tax liability, with any remaining Mixture Credit paid to the taxpayer under § 6427(e)." *Id*. at 718-19. The *Sunoco* court concluded: (1) the Mixture Credit is a credit, not a payment; and (2) "[a] taxpayer can claim either the excise tax benefit, i.e. the Mixture Credit, or an income tax benefit, but not both." *Id*. at 717-718.

**B. The *Sunoco* Decision Is Not "Fatally Flawed"**

Federal Circuit's consideration of the tax claim was not results-oriented as Delek contends. Although the court used the term "windfall" in reference to the tax benefit sought, given that Sunoco was seeking a tax refund of over $300 million and the court ultimately determined that the requested refund was unsupported by the plain meaning of the statute, the use of the term is not unwarranted. Moreover, the *Sunoco* decision was not outcome-determined, but was based on the plain meaning of the statute.[5]

Delek also argues that the Federal Circuit erred by failing to follow the precedent in *Centex Corporation v. United States*, 395 F.3d 1283 (Fed. Cir. 2005). Delek's assertion that *Centex* is controlling is misplaced. *Centex* concerned an entirely different statutory scheme. The

---

[4] The Government notes that this part of the Conference Report cites a House Bill containing language different from what Congress ultimately enacted. The House Bill described provided that an excise tax credit "shall … be treated –(i) as a payment of the taxpayer's liability for tax imposed by section 4081 …" H.R. 4520, 108th Cong., 2d Sess., § 251(a)(1) (as introduced in the House on June 4, 2004).

[5] The Court of Federal Claims found that Congress did not intend the large tax benefit sought, noting that the Joint Committee on Taxation indicated the change in tax incentives would have "No Revenue Effect." *See Sunoco Inc. v. United States*, 129 Fed. Cl. 322, 331-32 (2016) (citations omitted). The Federal Circuit, however, did not adopt this reasoning, instead relying on the plain meaning of the statute. *Sunoco*, 908 F.3d at 716-17.

Court determined the statutory enactments, legislative history, and statements from regulatory agencies, evidenced a Congressional purpose to allow both a non-taxable credit and a loss deduction. *Centex* concluded that even in the absence of an express provision for deducting built-in losses, the structure and purpose of the [] statute requires that it be construed to permit the deduction."

In *Sunoco*, however, the court relied on the plain meaning of the statute. To the extent that it considered legislative history, the court found that the legislative history pointed in the opposite direction from the result sought by Delek – that Congress did not intend "double-dipping." *Sunoco*, 908 F.3d at 718 (looking to legislative history to determine whether "a clear intent contrary to the plain meaning exists" and finding that it does not).

### C. The Mixture Credit Reduces Excise Tax Liability

The Court agrees with the *Sunoco* court that the plain meaning of the statute indicates that the Mixture Credit reduces excise tax liability. Under well-established rules of statutory interpretation, "the starting point for interpreting a statute is the language of the statute itself." *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc*. 447 U.S. 102, 108 (1980). Departure from the plain language of a statute is disfavored and "appropriate only in rare cases [in which] the literal application of the statute will produce a result demonstrably at odds with the intentions of its drafter … or when the statutory language is ambiguous." *Hoge v. Honda of Am. Mfg., Inc*. 384 F.3d 238, 246 (6th Cir. 2004) (quoting *Kelley v. E.I. Dupont de Nemours & Co*., 17 F.3d 836, 842 (6th Cir. 1994)).

Here, the statute here states that the Mixture Credit is "allowed as a credit … against the tax imposed by section 4081 [the excise tax]." 26 U.S.C. § 6426(a). The term "credit" is undefined and thus is given "its ordinary meaning." *Taniguchi v. Kan Pac. Saipan, Ltd*., 566

8

U.S. 560, 566 (2012) (citation omitted). In the context used here, as a credit against tax, Black's Law Dictionary defines "tax credit"—which it notes is often shortened to "credit"—as "an amount subtracted directly from one's total tax liability, dollar for dollar, as opposed to a deduction from gross income." Black's Law Dictionary (10th ed. 2014).

Moreover, as further indication that "credit" is to be given its ordinary meaning, Section 6427(e) separately provides for payments, as distinct from the credit allow against excise tax in Section 6426. If Congress intended the credit against excise tax under Section 6426(a) and the payment of any excess under Section 6427(e) to both be treated as payments, it could have provided as much without the need for the distinctions provided. Instead the statute expressly distinguished between the two by directing that payment was only provided if the Mixture Credit was not allowed as a credit against excise tax liability. *See* 26 U.S.C. § 6427(e) ("No amount shall be payable … with respect to which an amount is allowed as a credit under section 6426").

Delek makes much of the allegedly "discriminatory" nature of the disparate tax treatment of the two methods. But the question now before the Court is whether the first method – credit against excise tax – is actually a tax-free payment. The plain meaning of the statute indicates that it is not. Instead, the Mixture Credit reduces the taxpayer's excise tax liability by be "allowed as a credit … against the tax imposed by section 4081."

Delek also argues that the allocation to the Highway Trust Fund of "taxes received in the Treasury … under section 4081 … without reduction for credits under section 6426" means that the Mixture Credit does "not decrease the amount of Fuel Excise Taxes paid." (*See* Doc. No. 52 at 5 (citing 26 U.S.C. § 9503)). Delek concludes that it has, therefore, paid – and is entitled to deduct – the full amount of the excise tax.

9

The language of the appropriations provision does not support this conclusion. The calculation of "taxes received" without reduction for credits under Section 6426 is limited to that specific paragraph of Section 9503. *See* 26 U.S.C. § 9503(b) ("For purposes of this paragraph, taxes received under sections 4041 and 4081 shall be determined without reduction for credits under section 6426"). Indeed, the inclusion of this provision would not have been necessary if taxpayers were viewed as having paid the full amount for all purposes under the regulations.

The Court, therefore, concurs with the Federal Circuit decision in *Sunoco* that the plain meaning of the statute is that the Mixture Credit is a credit that reduces the taxpayer's excise tax liability.

## D. The Mixture Credit Is Not Included As Gross Income

This does not result in the Mixture Credit being taxed as income, which Delek argues would violate the "default exclusion rule." As explained by Delek, the default exclusion rule states that federal tax credits do not increase federal gross income unless Congress expressly provides otherwise. (*See* Doc. No. 52 at 1, 10). Accepting for purposes of this argument that the default exclusion rule is "bedrock tax law," the rule is inapplicable here.

Delek's argument is based on the economic effect of requiring a taxpayer to deduct the Mixture Credit from production costs. Delek argues that requiring deduction of the Mixture Credit from production costs to account for the reduction in excise tax liability results in increased gross taxable income. Delek claims this results in the IRS taxing the incentive "via the back door." (*Id*. at 14.).

The determination that the Mixture Credit reduces excise tax liability does not result in the Mixture Credit being taxed as income. While a change in production cost undeniably affects taxable income, this is not the same as taxing the credit as income. It is evident from the

10

numerous hypothetical calculations given by both parties that there are many factors that increase or decrease overall tax liability. The fact that the Mixture Credit has the effect of reducing excise tax liability, which results in a corresponding decrease in production cost, does not mean that Mixture Credit itself is includable in gross income. Nor does the Government contend that the Mixture Credit is taxable income—it merely reduces the amount of excise tax liability. This is not to say that the Mixture Credit has no effect on gross income, only that it is not included as gross income.[6]

**E. Tax Accounting Principles**

Delek's argues that even if the Mixture Credit is not a payment of fuel excise tax liability, it is nevertheless allowed to include the full amount of excise tax liability as a production cost. Delek asserts that under the "well-established" tax accounting rules, it incurred the full amount of the excise tax for tax purposes without "cash having changed hands." (Doc. No. 56 at 16). In other words, under the theory that the excise tax was incurred, Delek seeks to include the full amount of the tax as a production cost without reduction for the amount of the Mixture Credit.

The Government challenges as incorrect the argument that a taxpayer incurs excise tax liability under Section 4081 separate from Mixture Credit provided under Section 6426.[7]

The Court agrees. Delek has provided no basis to unlink Section 4081 excise tax liability from Section 6426 Mixture Credits. In support of its argument that the tax was incurred in full

---

[6] Delek's citation to numerous statutes in which Congress has specifically included a tax credit as gross income are inapposite as none of these involve a credit against excise tax.

[7] The Government also argues that the Court should not consider Delek's tax accounting argument because Delek did not raise this theory in its refund claim or in its initial summary judgment brief, but that the argument is nevertheless incorrect. (Doc. No. 59 at 3) (citing *Real Estate-Land Title & Trust Co. v. United States*, 309 U.S. 13, 18 (1940) (precluding consideration of grounds for refund not raise in the refund claim)).

11

Delek notes that the "total tax" is a line item on the IRS form used to report excise tax liability. (*Id.* at 17 (referencing IRS Form 720). Tax forms, however, do not alter the statutory language. *See Weiss v. Comm'r*, 129 T.C. 175, 177 (2007). Here, the language in the statute makes clear the Mixture Credit is "allowed against" excise tax liability. Given the structure of the statutory scheme, if the taxpayer is allowed a Mixture Credit under Section 6426, the excise tax liability is determined in conjunction with the credit.[8]

## F. Sixth Circuit Precedent – *Summa Holdings*

Delek argues that the interpreting the statute to require Mixture Credits be taken as a credit against excise tax effectively "rewrites" the statute to prevent Delek from claiming a larger tax incentive than expected and is therefore in conflict with the Sixth Circuit decision in *Summa Holdings, Inc. v. Comm'r*, 848 F.3d 779 (6th Cir. 2017).

The Court disagrees with Delek's characterization. As stated above, the *Sunoco* decision relies on the plain meaning of the statute that requires the Mixture Credit to reduce excise tax liability. This is not a situation in which the Government seeks to rewrite the statute to achieve the desired effect. The words of the statute are clear – the Mixture Credit is "allowed against" the excise tax and that "no amount shall be payable … with respect to which an amount is allowed as a credit." 26 U.S.C. §§ 6426(a) and 6427(e). If anything, it is Delek that seeks to recharacterize the Mixture Credit to change a credit into a payment.

Moreover, *Summa Holdings* is distinguishable. In *Summa Holding*, the plaintiff had availed itself of what would commonly be referred to as a tax loophole. 848 F.3d. at 784. The Government conceded that the plaintiff complied with the relevant provisions of the tax code

---

[8] Delek argues that the tax was incurred in full because it engaged in the taxable event and notes that the "total tax" is a line item on the IRS form used to report excise tax liability. (*Id.* at 17). Tax forms, however, do not alter the statutory language. *See Weiss v. Comm'r*, 129 T.C. 175, 177 (2007).

12

and that those provisions were intended to lower taxes. *Id*. It argued that it should nevertheless be allowed to disregard the form of the transactions and recharacterize them based on their substance. *Id*. at 784-85. The court ruled in favor of the company and rejected the IRS's attempt to "recharacterize the meaning of statutes—to ignore their form, their words, in favor of [its] perception of their substance." Here, no such recharacterization is required.

## V. CONCLUSION

The Court agrees with the Federal Circuit that the language in the statute is clear – if a taxpayer has excise tax liability, the Mixture Credit is a credit, not a payment. The credit must first be applied against the excise tax liability before any remaining balance is paid to the taxpayer. The amount of excise tax liability incurred is determined in conjunction with the Mixture Credit. Accordingly, the Court will enter judgment in favor of the Government.

An Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE